Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2408 | **DATE** | January 11, 2001 |
| **CASE TITLE** | Laborers' Pension Fund v. Paragon Pool, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Atlas's motion to dismiss the complaint [ ] is granted. Defendant Ronald J. Atlas is dismissed from the proceedings. A status conference is set for January 31, 2001 at 9:30 a.m.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | JAN 1 6 2001 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | 01 JAN 12 PM 4: 30 | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

00-2408.001-LH								January 11, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>      Plaintiffs<br><br>v.<br><br>PARAGON POOL CONSTRUCTION, INC., an Illinois corporation, PARAGON-PADDOCK, INC., an Illinois corporation, and RONALD J. ATLAS, in his individual capacity<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 00 C 2408 |

**DOCKETED**
**JAN 16 2001**

## MEMORANDUM OPINION

Before the court is defendant Ronald Atlas's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons explained below, the motion is granted.

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity ("the

/ 7

Funds"), and James Jorgensen, Administrator of the Funds, have filed this suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1)and (2), and Section 301 of the Labor Management Relations Act of 1947("LMRA"), as amended, 29 U.S.C. § 185(a). The complaint names three defendants: Paragon-Paddock, Inc., an Illinois corporation that has been involuntarily dissolved, Paragon Pool Construction, Inc., the successor corporation, and Ronald Atlas, the sole owner-operator of both corporations. The complaint states that Paragon-Paddock and Paragon Pool entered into collective bargaining agreements with the Construction and General Laborers' District Council of Chicago ("the Union"). The Agreements obligate Paragon-Paddock and Paragon Pool to make contributions to the Funds on behalf of their employees, to submit monthly remittance reports indicating the amount of contributions, and to provide surety bonds to guarantee the payment of wages and fund contributions. The complaint also states that, pursuant to the agreements, the Funds are authorized to collect from the defendant-employers, union dues that have been deducted from the wages of the employees.

Count I of the complaint asserts claims against Paragon-Paddock and Atlas under ERISA and the LMRA for failure to pay

contributions to the Funds and to submit remittance reports. In Count III, plaintiffs allege that all three defendants violated Section 301(a) of the LMRA by failing to report union dues deducted from the wages of employees and to hand over such dues to the Funds for transmittal to the Union. Counts II and IV, which are not presently before us, assert similar claims against Paragon Pool as successor to Paragon-Paddock.

In support of his motion to dismiss, defendant Atlas argues: (1) that as an individual officer and shareholder, he is not liable for the debts of Paragon-Paddock; and (2) that he is not an employer for the purposes of ERISA and the LMRA.

The complaint does not allege that Atlas was a party to the collective bargaining agreements that obligated Paragon-Paddock and Paragon Pool to contribute to the Funds and to hand over sums withheld from the employees as union dues. Atlas argues that therefore he was not personally obligated to make payments to the Funds on the basis of these agreements. The gist of plaintiffs' claim is that Atlas is liable because he was the sole owner-operator of Paragon-Paddock and Paragon Pool.

As a general rule, individuals acting as corporate officers or shareholders are not personally liable for a corporation's debts,

including its ERISA and LMRA obligations. In <u>Plumbers' Pension Fund, Local 130 v. Niedrich</u>, the Seventh Circuit joined other courts in rejecting the notion of individual liability:

> On numerous occasions in similar factual situations courts of appeals have had the opportunity to address the question of whether individuals acting as corporate officers or shareholders can be held personally liable for a corporation's ERISA obligations. These courts have unanimously held . . . that unless the corporation is acting for and an alter ego of the individual or there exist facts that warrant piercing the corporate veil, the individual will not be held liable for the corporation's obligations under ERISA.

891 F.2d 1297, 1299 (7th Cir. 1989).

We agree with Atlas that the conclusory allegations in plaintiffs' complaint are not sufficient to state a claim against Atlas on an alter ego or piercing the corporate veil theory. The complaint alleges that "Ronald J. Atlas is the chief operating officer of Paragon-Paddock" and that he "owns and operates Paragon-Paddock as an individual proprietorship." <u>Cmplt.</u> at ¶6. It states further that "[a]t least since 1992, Paragon-Paddock and Paragon Pool have been commonly owned and operated by Ronald J. Atlas, their president, for his exclusive benefit." <u>Cmplt.</u> at ¶27. These statements could probably be made about most single-owner corporations. In day-to-day operations, the closely-held corporation is run very much like an individual proprietorship.

But the law nonetheless recognizes the separate corporate entity and protects the shareholders from individual liability, unless a showing is made that the corporate forms have been ignored. Plaintiffs do not allege any facts which, if proved, would indicate misuse of the corporate forms, such as a failure to establish a corporate bank account, commingling of funds, failure to file annual reports, to hold shareholders' meetings, and the like. See, e.g., People v. V & M Industries, Inc., 298 Ill.App.3d 733, 700 N.E.2d 746, 751-52 (1998) (dominant shareholder liable for air pollution caused by corporate landowner where indicia of corporate facade included inadequate capitalization, failure to issue stock, and non-functioning of corporate officers); Ted Harrison Oil Co., Inc. v. Dokka, 247 Ill.App.3d 791, 617 N.E.2d 898, 902 (1993) (court justified in piercing the corporate veil where record showed a complete lack of corporate formalities including the keeping of corporate records, the holding of shareholder or directors meetings, and the formal approval of corporate expenditure). The conclusory allegations about operating the corporations as an individual proprietorship give no indication that plaintiffs are prepared to prove facts that would establish individual liability.

In their Response to Atlas's motion, plaintiffs offer an alternative theory. Relying on the Seventh Circuit's statement in Neidrich that "[c]orporate officers . . . are personally liable for pension contributions only to the extent they are liable for general corporate debts under state corporate law," 891 F.2d at 1302, plaintiffs argue that, under Illinois law, a shareholder of a dissolved corporation is liable for a company's pre-dissolution obligations to the extent that he has received corporate assets.[1] But plaintiffs have not alleged a factual basis for this theory in their complaint. There are no allegations regarding the dissolution of Paragon-Paddock or the distribution of corporate assets.

---

[1] In support of their argument, plaintiffs cite EEOC v. JRG Fox Valley, Inc., 976 F. Supp. 1161 (N.D. Ill. 1997) in which a court in this district held that in a Title VII action against a defunct corporate employer, the EEOC could join as defendants the employer's principal shareholders, who received corporate assets prior to or upon dissolution. However, the court recognized that there was no basis on which to hold the shareholders personally liable for the actions of the corporation; instead, the shareholders were joined merely as "relief defendants" for purposes of enforcing any potential judgment against the corporation. Id. at 1163-64. Thus, the case does not support plaintiffs' argument that Atlas may be personally liable for the failure of Paragon-Paddock or Paragon Pool to contribute to the Funds. Plaintiffs reliance on Mid-American Elevator Co., Inc. v. Norcon, Inc., 287 Ill.App.3d 582, 679 N.E.2d 387 (1st Dist. 1997) is similarly misplaced. There, the primary shareholders of a closely-held corporation engaged in the illicit continuation of business after the corporation had been involuntarily dissolved. The court held that, to the extent the shareholders retained or disposed of corporate assets after dissolution, they were responsible for a full accounting. 679 N.E.2d at 391. Contrary to plaintiffs' suggestion, the court did not address the disposal of corporate assets before dissolution.

Atlas also moves to dismiss on the ground that he was not an "employer" for purposes of ERISA and the LMRA and therefore cannot be liable for unpaid fund contributions and union dues. Section 515 of ERISA requires an employer to make contributions to a multi-employer plan in accordance with the terms of the plan or of a collective bargaining agreement. See 29 U.S.C. § 1145. An "employer" is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan. . . ". 29 U.S.C. § 1002(5). The complaint contains simply the conclusory statement that Atlas was an employer. As noted, plaintiffs do not allege that Atlas was a party to the collective bargaining agreements. Nor do they make any specific allegations, for example, of actions taken by Atlas directly as an employer or indirectly on behalf of the corporate employers, Paragon-Paddock and Paragon Pool.[2] These deficiencies

---

2/ Atlas contends that Paragon-Paddock was the employer in the present case, whereas he, Atlas, was merely an officer of the corporation. To the extent that Atlas suggests that there can never be more than one employer, his argument fails. The statutory definition allows for the possibility that there may be two or more employers with respect to any given plan. Even if Paragon-Paddock is an employer for present purposes, it does not necessarily follow that Atlas is not also an employer. At least in theory, Atlas could be considered an employer if he acted indirectly as an agent of employers Paragon-Paddock and Paragon Pool. But the Seventh Circuit has emphasized that individual liability turns not on the statutory definition but on the terms of the collective bargaining agreement. Neidrich, 891 F.2d at 1300; Levit v. Ingeroll Rand Financial Corp., 874 F.2d 1186, 1193) ("Even if a manager of other officer is an 'employer' . . . the plan or agreement still governs what each must do, for not all 'employers' are 'obligated to make contributions' under the 'terms and conditions' of a plan or

in plaintiffs' complaint provide an independent justification for granting defendant Atlas's motion to dismiss.

The same reasoning applies to plaintiffs' LMRA claims. Section 301 of the LMRA authorizes suits for breach of collective bargaining agreements between employers and unions. See 29 U.S.C. § 185(a). Although the statute defines the term "employer" broadly to include any person acting as an agent of an employer, directly or indirectly, 29 U.S.C. § 152(2), as a general rule, suits may be brought only against parties to collective bargaining agreements. Loss v. Blankenship, 673 F.2d 942, 946 (7th Cir. 1982); Baker v. Fleet Maintenance, Inc., 409 F.2d 551, 554 (7th Cir. 1969). In some situations, courts have permitted LMRA suits against non-parties in order to prevent violations of a collective bargaining agreement from going unremedied. Loss, 673 F.2d at 948 (citing cases). Thus, where the agreement is executed on behalf of a corporation by an individual for whom the corporation is an alter ego, the controlling individual is the real employer and may be liable for breaches of the agreement on that basis. See generally, Lumpkin v. Envirodyne Industries, Inc., 933 F.2d 449, 460 (7th Cir. 1991); Int'l Union of Operating Engineers, Local 150, AFL-CIO v.

---

agreement"). As noted, the complaint contains no allegations to this effect.

Centor Contractors, Inc., 831 F.2d 1309, 1312-13 (7th Cir. 1987). However, for the reasons stated above, plaintiffs have failed to state a claim against Atlas personally on an alter ego or piercing the corporate veil theory.

## CONCLUSION

Defendant Atlas's motion to dismiss the complaint is granted. Defendant Ronald J. Atlas is dismissed from the proceedings. A status conference is set for January 31, 2001 at 9:30 a.m.

DATE: January 11, 2001

ENTER: _____
John F. Grady, United States District Judge